UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Ekere Inyangette, | ) C/A No. 6:11-3401-JFA-KFM |
|---|---|
| Petitioner, | ) |
| vs. | ) **REPORT AND** |
|  | ) **RECOMMENDATION** |
| Darlene Drew, | ) |
| Respondent. | ) |

Petitioner, Ekere Inyangette ("Petitioner"), is a federal prisoner, incarcerated in FCI Bennettsville, in Bennettsville, South Carolina, proceeding *pro se*, seeking habeas corpus relief pursuant to 28 U.S.C. § 1651 or § 2241(c)(3). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, this matter is before the assigned United States Magistrate Judge for initial screening. The Petition for habeas relief challenges Petitioner's 2003 conviction in the Superior Court of the District of Columbia ("D.C. Superior Court"), which was used to enhance the federal sentence Petitioner is currently serving pursuant to a 2009 conviction in the United States District Court for the Eastern District of Virginia. The Petition in this case should be dismissed.

### *Pro Se* Habeas Review

This Court is charged with screening Petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. *See also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). This Court is also required to construe *pro se* petitions liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting

*Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519 (1972)); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978) (citing *Rice v. Olson*, 324 U.S. 786 (1945)). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 10 (citing *Cruz v. Beto*, 405 U.S. 319 (1972)). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir.1990).

**Background**

On August 7, 2009, in the United States District Court for the Eastern District of Virginia, Petitioner pled guilty to violation of 21 U.S.C. § 841(a)(1)(possession with intent to distribute 5 grams or more of "crack" cocaine), and was sentenced, on October 26, 2009, to 132 months imprisonment followed by four years of supervised release. ECF No. 1-9; *see also United States v. Inyangette*, 1:09-cr-260-LO (E.D.Va. October 26, 2009).[1] When Petitioner was arrested on the federal charge, he was on supervised release from a 2003 D.C. Superior Court conviction. At the sentencing hearing, Petitioner's objections to sentencing under the career offender guidelines were denied. *Id*. A direct appeal was not filed. *Id.* Petitioner's first motion to vacate under 28 U.S.C. § 2255 was denied and

---

[1] The Court takes judicial notice of Petitioner's criminal proceeding. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir.1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.' ").

dismissed with prejudice, and the United States Court of Appeals for the Fourth Circuit, on September 15, 2011, denied a certificate of appealability and dismissed his appeal. *United States v. Inyangette*, No. 11-6493, 2011 WL 4098230 (4th Cir. Sept. 15, 2011). On January 27, 2012, Petitioner's second § 2255 motion, which challenged the use of the 2003 D.C. Superior Court conviction to enhance Petitioner's federal sentence as a career offender, was denied for failing to obtain permission to file a second or successive motion from the court of appeals, and the district court expressly declined to issue a certificate of appealability. *United States v. Inyangette*, 1:09-cr-260-LO (E.D.Va. October 26, 2009), ECF No. 66.

On December 19, 2011, Petitioner filed a Petition, with several attachments, seeking habeas relief in this Court. The Petition challenges Petitioner's conviction imposed by the D.C. Superior Court on August 8, 2003.[2] ECF No. 1 at 3. Petitioner's 2003 D.C. Superior Court conviction was affirmed by the Court of Appeals for the District of Columbia on December 28, 2006, and his writ of certiorari to the District of Columbia Supreme Court was denied. ECF No. 1 at 4; ECF No. 1-14 at 4. The § 2241 Petition does not indicate that Petitioner collaterally challenged his 2003 D.C. Superior Court conviction in any other court, including the D.C. Superior Court or the D.C. Court of Appeals.[3] Petitioner's grounds for relief in the § 2241 Petition challenging his D.C. Superior Court conviction are based on (1) ineffective assistance of appellate counsel and (2) an erroneous judgement entered by the Court of Appeals for the District of Columbia. *Id.* Petitioner contends that as a result of these

---

[2] Petitioner was convicted by the D.C. Superior court under the name "Michael Thomas." ECF No. 1-7; *see also* ECF No. 1-13.

[3] The United States Courts' PACER case database indicates Petitioner Inyangette has not filed any cases in other United States District Courts, other than the cases indicated in this report. *See* https://pcl.uscourts.gov/search (last visited February 8, 2012).

3

constitutional violations during the appellate process of his D.C. criminal case, he "continuously suffers from a miscarriage of justice and prejudice due to the District Court's use of said conviction to enhance petitioner as a career offender." *Id*. at 3. Petitioner seeks "a writ of habeas corpus or all writs necessary and appropriate." ECF No. 1-13.

**Discussion**

"All Writs"

Petitioner seeks habeas relief pursuant to 28 U.S.C. § 1651, known as the All Writs Act. The United States Supreme Court has recognized the continued viability of the writ of error coram nobis under the All Writs Act to vacate a conviction after the completion of the petitioner's term of imprisonment. *See United States v. Morgan*, 346 U.S. 502, 506-07, 512-13 (1954). The extraordinary writ of error coram nobis should only be issued, however, when no other remedies are available. See *U.S. v. Mandel*, 862 F.2d 1067, 1075 (4th Cir. 1988). The All Writs Act is inapplicable in this case because the federal habeas corpus statutes provide for jurisdiction while a prisoner is still in custody, and the Petitioner's grounds for relief do not present an error "of the most fundamental character" that compel the issuance of the extraordinary remedy. *Id*.

D.C. Code § 23-110

The grounds for relief presented in Petitioner's federal habeas petition challenge his 2003 D.C. Superior Court conviction. Petitioner was under supervised release on his D.C. conviction at the time he was arrested on federal charges in 2009. Under D.C. Code Ann. § 23-110, "a prisoner under a sentence imposed by the Superior Court of the District Court of the District of Columbia may collaterally challenge the constitutionality of his conviction by moving in that court for vacatur of his sentence," and an appeal may be taken to the District

4

of Columbia Court of Appeals. *Garris v. Lindsay*, 794 F.2d 722, 725 (D.C. Cir. 1986) (footnote omitted); *see* D.C. Code § 23-110(a), (f). The "procedure for collateral review of convictions in the Superior Court" established by section 23-110 "is comparable to that authorized by 28 U.S.C. § 2255 for the United States district courts." *Swain v. Pressley*, 430 U.S. 372, 375 (1977). A collateral attack of a D.C. Superior Court conviction through a petition for habeas relief in a United States district court is limited by D.C. Code section 23-110(g), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

*Id*. Thus, section 23-110(g) divests United States district courts of jurisdiction over a federal habeas petition that collaterally challenges a sentence imposed by the D.C. Superior Court unless section 23-110 is inadequate or ineffective. *See Swain v. Pressley*, 430 U.S. 372; *Harris v. Mitchell*, No. 9:09-2189-JFA, 2009 WL 3739343 (D.S.C. Nov. 4, 2009). Petitioner acknowledges "D.C. Code § 23-110 is the vehicle provided for collateral attacks and is the functional equivalent to a § 2255 motion to the sentencing court," but he argues that such a motion is inadequate and ineffective to address his grounds for habeas relief.

Petitioner "challenges an erroneous judgment entered by the Court of Appeals for the District of Columbia" and argues that "a § 23-110 motion to the trial court would be inadequate and ineffective to collaterally attack or challenge an erroneous judgement entered by the Court of Appeals." ECF No. 1-14 at 4. Petitioner acknowledges that a "writ of certiorari would be the appropriate vehicle available to challenge an erroneous judgement entered by

5

a higher court than that of the sentencing court," and "Petitioner's writ of certiorari was denied by the District of Columbia's Supreme Court." *Id*. An issue that has been raised and denied on direct appeal in the District of Columbia local court system, is not available for review through a collateral attack in a federal habeas petition. *See Garris v. Lindsay*, 794 F.2d 722 (C.A.D.C. 1986) (federal habeas petitioner foreclosed from relitigating a constitutional issue that had already been raised and denied on direct appeal.) The *Garris* court reasons that the "remedy now available to District of Columbia prisoners was patterned after that conferred upon federal prisoners," and "[i]t is well established in the federal circuits that a federal prisoner cannot raise collaterally any issue litigated and adjudicated on a direct appeal from his conviction." *Id*. at 726 (footnotes omitted). "Further, the local remedy is not inadequate or ineffective just because a prisoner is barred from relitigating an issue that has already been raised and decided," and "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is inadequate or ineffective to test the legality of his detention." *Spencer v. U.S.,* 806 F.Supp.2d 209, 212-13 (D.D.C. August 30, 2011). Thus, Petitioner's inability to relitigate his direct appeal issues under D.C. Code § 23-110 does not render that remedy inadequate or ineffective, and this Court lacks jurisdiction to consider Petitioner's federal habeas challenge to the direct appeal of his 2003 D.C. Superior Court conviction.

Petitioner also argues that "a motion pursuant to D.C. Code § 23-110 to the sentencing court is inadequate and ineffective as it lacks the jurisdictional authority to entertain a challenge of ineffectiveness of appellate counsel." ECF No. 1-14 at 4. The United States District Court for the District of Columbia has recognized that challenges to the effectiveness of appellate counsel cannot be brought under section 23-110, thus holding that the remedy is inadequate and ineffective. *Williams v. Martinez*, 586 F.3d 995 (D.C. Cir. 2009). However, a remedy outside of section 23-110 exists, and a claim of ineffective

6

assistance of appellate counsel must instead be raised through a motion to recall the mandate in the D.C. Court of Appeals. *Id*. A "motion to recall the mandate is an 'independent' action separate and apart from a section 23-110 motion." *Id*. at 998 (citation omitted). A "D.C. offender can bring a claim of ineffective assistance of appellate counsel in federal district court," but "only after he has moved to recall the mandate in the D.C. Court of Appeals." *Spencer v. U.S.*, 806 F.Supp.2d at 213 (citing *Williams*, 586 F.3d 995).

Petitioner did not challenge his D.C. Superior Court conviction by requesting a recall of the mandate to challenge the effectiveness of appellate counsel. Because Petitioner failed to move to recall the mandate he has not exhausted his remedies as required before seeking federal habeas relief. *Id.* at 213-14. "[E]xhaustion of alternative remedies" are necessary "before a prisoner can seek federal habeas relief," unless exceptional circumstances exist. *Timms v. Johns*, 627 F.3d 525, 531 (4th Cir.2010) (quoting *Boumediene v. Bush*, 553 U.S. 674, 693 (2008)). Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts consistently require prisoners to exhaust available remedies prior to seeking habeas review under § 2241. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973) (requiring exhaustion in 28 U.S.C. § 2241 context). Petitioner has failed to exhaust alternative remedies available to challenge his D.C. Superior Court conviction, and his federal habeas petition presents no exceptional circumstances that would excuse the failure, so this Court should decline to exercise jurisdiction over Petitioner's habeas petition. *Timms v. Johns*, 627 F.3d at 533.

Petitioner attempts to circumvent his failure to pursue the recall remedy by arguing that a "motion to recall the mandate is also inadequate and ineffective as it fails to invoke the writ of habeas corpus challenging the legality of Petitioner's detention and

7

extensive loss of liberty, which a motion to the D.C. Court of Appeals lacks the jurisdictional authority to answer such a question of law." ECF No. 1-14 at 4. A motion to recall the mandate is a separate remedy from a motion under section 23-110, so Petitioner's argument that the recall motion is inadequate and ineffective is irrelevant in terms of section 23-110(g) to allow federal habeas jurisdiction under the savings clause of section 23-110. Inasmuch as Petitioner's reference to "inadequate and ineffective" in the context of the recall mandate remedy attempts to invoke the savings clause of § 2255, it fails for the same reasons as discussed below under the section on the applicability of § 2255.

State Conviction

Petitioner seeks federal habeas corpus relief from a D.C. Superior Court conviction. For "purposes of federal habeas corpus law, convictions in the District of Columbia Superior Court for offenses under the District of Columbia Criminal code are considered 'state convictions.'" *Boling v. Rivera*, No. 4:10-2957-CMC-TER, 2011 WL 6182124, at *3 (D.S.C. Dec. 13, 2011) (quoting *Nash v. Wendt*, 2008 WL 4646336, at *2 (N.D.W.Va. 2008)); *Cf. Spencer v. U.S.,* 806 F.Supp.2d at 212 (acknowledging conflict on whether D.C. Superior Court prisoners are "state prisoners"). Thus, the Petition in this case could be considered challenging a state court conviction used to enhance a federal court sentence. The United States Supreme Court, in addressing the issue of a challenge to prior state convictions used to enhance a federal sentence, reasons:

> Our system affords a defendant convicted in state court numerous opportunities to challenge the constitutionality of his conviction.... These vehicles for review, however, are not available indefinitely and without limitation.... If, however, a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse.

8

*Daniels v. United States*, 532 U.S. 374, 381–82 (2001). At the time Petitioner's D.C. Superior Court conviction becomes final, "either because he failed to pursue otherwise available remedies or because he failed to prove a constitutional violation," Petitioner is "not entitled to another bite at the apple simply because that conviction is later used to enhance another sentence." *Id*. at 383. Although *Daniels* is distinguishable as a collateral attack of a state conviction pursuant to 28 U.S.C. § 2255, the reasoning is applicable to a federal habeas challenge of a D.C. Superior Court conviction used to enhance a federal sentence, as in this case. A collateral attack of a state conviction used to enhance a federal sentence, where the prior conviction used to enhance the federal sentence is no longer open to direct or collateral attack in its own right, is not available. Applying the reasoning of *Daniels*, Petitioner is foreclosed from collaterally attacking his D.C. Superior Court conviction in this federal habeas action because he failed to pursue the District of Columbia remedies available to him while they were available, or did so unsuccessfully.

<u>Applicability of Section 2255</u>

The Petition purports to challenge Petitioner's 2003 D.C. Superior Court conviction, and Petitioner states his "petition and application is not an attempt at invoking 28 U.S.C. §2255" and "is not a successive petition under 28 U.S.C. § 2244." However, Petitioner's memorandum of support, which he relies on to state his grounds for relief, presents a section titled "Basis for Inadequacy and Ineffectiveness of §2255." ECF No. 1-14 at 4. Petitioner states that the D.C. Superior Court conviction "has prejudiced the petitioner by extending Petitioner's sentence in United States District Court case No. 1:09-cr-260, in excess of 110 months of imprisonment under the sentencing guidelines provision for career offenders." *Id*. at 2. Petitioner's real complaint appears to be that the D.C. conviction was used "to enhance Petitioner as a career offender and impose a sentence in excess of 110-

9

116 months of incarceration" in his federal sentence. *Id*. Inasmuch as the Petition could be construed as arguing that section 2255 is inadequate or ineffective, and thus section 2241 is available to challenge his current federal sentence, enhanced by the 2003 D.C. Superior Court conviction, the Petition fails.

"As a threshold matter, it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, Nos. 08-8191, 09-6001, 2010 WL 3474802, at *3 (4th Cir. Sept. 7. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). "However, § 2241 may be utilized by a federal prisoner to challenge the legality of his or her federal conviction or sentence if he or she can satisfy the mandates of the so-called § 2255 'savings clause.'" *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Petitioner did not prevail in his two prior § 2255 actions in the federal sentencing court, but that does not mean that the potential relief of § 2255 was inadequate or ineffective; it simply means that he was not entitled to it. *See In re Vial*, 115 F.3d at 1194.

To trigger the "savings clause" of § 2255(e) and now proceed under § 2241, Petitioner would have to show that something more should be considered by the court than that authorized by § 2255, such as a retroactive change in the law as contemplated in *In re Jones*, 226 F.3d 328 (4th Cir.2000). In *Jones*, the Court held that a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established

the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law." *Jones*, 226 F.3d at 333-34.

The Petitioner's claim that he "continuously suffers from a miscarriage of justice and prejudice due to the District Court's use of said [D.C. Superior court] conviction to enhance petitioner as a career offender" is insufficient to meet the high threshold announced in *Jones*. *See United States v. Poole*, 531 F.3d 263, 267 n. 7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence."). The Petitioner provides no allegations of new evidence, unavailable at the time of conviction, which undermines the validity of the his federal criminal conviction. The Petitioner's claim is insufficient to invoke the savings clause embodied in section 2255, and as such, he is barred from proceeding with a habeas corpus action under section 2241 to challenge his federal sentence.

**Recommendation**

Accordingly, it is recommended that the § 2241 petition be dismissed without prejudice and without requiring the respondent to file an answer.

s/ Kevin F. McDonald
United States Magistrate Judge

February 16, 2012
Greenville, South Carolina

**The Petitioner's attention is directed to the notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 E. Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).