IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ekere Inyangette | ) |
|     Plaintiff, | ) Civil Action No. 6:11-3401-MGL-KFM |
| vs. | ) |
| | ) **OPINION AND ORDER** |
| Darlene Drew | ) |
|     Defendant. | ) |

Ekere Inyangette a/k/a Michael Thomas ("Petitioner") is a federal prisoner at FCI Bennettsville, in Bennettsville, South Carolina. On December 19, 2011, Petitioner filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 1651 or § 2241(c)(3). ECF No. 1 at 2. The petition purports to challenge the Petitioner's 2003 conviction in the Superior Court of the District of Columbia which was used to enhance the federal sentence Petitioner is currently serving pursuant to a 2009 conviction in the United States District Court for the Eastern District of Virginia. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., the action was referred to a Magistrate Judge for review. On February 16, 2012, the Magistrate Judge filed a Report and Recommendation in which he determined that the petition should be dismissed without prejudice and without requiring the respondent to file an answer. ECF No. 11 at 11. Petitioner filed objections to the Report and Recommendation. ECF No. 15.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a de novo determination of any portions of the Magistrate Judge's Report to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the

recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). After conducting a de novo review of the objections made, and considering the record, applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees that this matter should be dismissed without prejudice.

As an initial objection here, Petitioner contends that the Magistrate Judge erred in stating that Petitioner challenged the use of the 2003 Superior Court of the District of Columbia conviction to enhance the Petitioner's sentence as a career offender in a second §2255 motion. *See* ECF No. 15 at 1. Petitioner states that his second § 2255 motion to the United States District Court was based on a 2000 Superior Court of the District of Columbia conviction and the Fourth Circuit's ruling in *U.S. v. Simmons*, 649 F.3d 237 (4th Cir. 2011). *Id.* This objection is of no consequence. In his affidavit in support of his petition, Petitioner indicates that he is not attempting to invoke 28 U.S.C. § 2255 or a successive petition under 28 U.S.C.§ 2244. ECF No. 1-13 at 1-2. Petitioner filed two § 2255 motions in the United States District Court for the Eastern District of Virginia which were denied. To the extent that petitioner asserts his petition under 28 U.S.C. § 2241 is available to him under the Savings Clause of 28 U.S.C. § 2255(e), as interpreted by *In re Jones*, 266 F.3d 328, 333–34 (4th Cir.2000), the Magistrate Judge concluded that this option is foreclosed as Petitioner failed to meet the *Jones* criteria. This court agrees. Petitioner has not established that the previously attempted mechanisms for relief available to him were inadequate or ineffective. Accordingly, in this case Petitioner has not raised a claim that may be presented in a § 2241 petition.

Next, Petitioner takes issue with the Report and Recommendation's characterization of the petition for a writ of habeas corpus as an "attempt to relitigate an issue raised during the appellate process." ECF No. 15 at 2. Petitioner's objection is without merit. Petitioner's objection

specifically indicates that "Petitioner challenges an erroneous judgement [sic] entered by the District of Columbia's Court of Appeals" and "Petitioner seeks to have the erroneous judgement [sic] entered by the Court of Appeals vacated." ECF No. 15 at 2. Petitioner's allegations of error were addressed by the Superior Court of the District of Columbia and by appeal to the District of Columbia Court of Appeals, which is the highest Court of the District of Columbia. This court is without jurisdiction to review or overturn these rulings. Additionally, the Supreme Court of the United States denied the petition for certiorari. *Thomas v. U.S.*, 914 A.2d 1 (D.C. 2006), *cert. denied*, 552 U.S. 895, 128 S. Ct. 241 (2007). Also, the petition provides no meritorious basis for finding the local remedy under D.C. Code § 23–110 to be inadequate or ineffective. In short, Petitioner cannot avail himself of this federal forum merely because his prior attempts to challenge his conviction in the District of Columbia courts and in the Supreme Court of the United States have been unsuccessful.

Finally, regarding the challenge of ineffectiveness of appellate counsel, Petitioner asserts that the Magistrate Judge erred in stating that Petitioner has failed to move to recall the mandate and therefore has not exhausted an alternative remedy. ECF No. 15 at 4. Petitioner does not allege that he properly exhausted the available remedies before filing his petition for habeas corpus, instead Petitioner asserts that § 2241 does not contain a statutory exhaustion requirement. ECF No. 15 at 4. This objection is also without merit. Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts consistently require prisoners to exhaust their administrative remedies prior to seeking habeas review under § 2241. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–91 (1973) (requiring exhaustion in 28 U.S.C. § 2241 matter); *Timms v. Johns*, 627 F.3d 525 (4th Cir.2010). This court cannot exercise habeas corpus power to grant Petitioner's

requested relief in light of the failure to exhaust local remedies. *See Johnson v. Stansberry*, No. 10–0178, 2010 WL 358521, at *2 (D.D.C. Jan. 29, 2010).

## CONCLUSION

The court has carefully reviewed the objections made by the Petitioner and has conducted the required de novo review. This court determines that the Magistrate Judge's recommended disposition is correct. Accordingly, the objections are overruled and Petitioner's action is dismissed without prejudice. In light of the Court's Order, all other pending motions are now MOOT.

IT IS SO ORDERED.

s/ Mary G. Lewis  
United States District Judge

Spartanburg, South Carolina  
September 25, 2012